In re A.H. ROBINS COMPANY, INCORPORATED, Debtor,

Employer's Tax Identification No. 54–0486348.

DALKON SHIELD CLAIMANTS TRUST, Movants,

v.

Jane M. PARKER and Erin Parker, Respondents.

Bankruptcy No. 85–01307–R.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Nov. 29, 1994.

Orran Lee Brown, Christian, Barton, Epps, Brent & Chappell, Richmond, VA, for Dalkon Shield Claimants Trust.

Anthony J. Nemo, Meshbesher & Spence, Ltd., St. Paul, MN, and Theodore I. Brenner, Bremner, Baber & Janus, Richmond, VA, for Jane M. Parker and Erin Parker.

## RETAINED PROCEEDING

MERHIGE, District Judge.

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Contested Matter

### *MEMORANDUM*

This matter is before the Court on the Dalkon Shield Claimants Trust's ("Trust") motion to interpret, in part, the Sixth Amended and Restated Plan of Reorganization of the A.H. Robins Company ("Plan") and the related documents under which the Robins Bankruptcy is being managed. The Trust requests the Court to determine that, under the Plan and Claims Resolution Facility ("CRF"), the Trust

is not permitted to, and has no duty to, remove prepetition cases from state court to federal court until a case is certified to proceed to litigation by this Court under Amended Administrative Order No. 1, and that a removal of a Dalkon Shield suit within thirty days after entry of a certification order is timely under Bankruptcy Rule 9027.

Motion to Interpret Plan at 4. This Court has the exclusive jurisdiction to interpret the relevant instruments and address this matter. *See* Debtor's Sixth Amended and Restated Plan of Reorganization § 8.05, March 28, 1988, *confirmed by In re A.H. Robins Co.*, 88 B.R. 742 (E.D.Va.1988), *aff'd* 880 F.2d 694 (4th Cir.1989), *cert. denied* 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989); *see also In re A.H. Robins Co., Inc.*, 972 F.2d 77 n. 1 (4th Cir.1992) (affirming the Court's exclusive jurisdiction).

### I.

The facts giving rise to the instant matter are not contested. The Parkers initially filed

suit against the A.H. Robins Company on January 20, 1984, in the Superior Court of Arizona, Pima County. This suit was automatically stayed on August 21, 1985, when Robins filed its Chapter 11 proceeding. *See* 11 U.S.C. § 362(a). The stay was lifted on July 26, 1988, upon the entry of this Court's order confirming the Plan ("Confirmation Order"), but it was concomitantly replaced with a permanent injunction imposed by Plan § 8.04 and paragraph 34 of the Confirmation Order. This injunction precluded the Parkers from continuing their case until they completed the claims resolution process, pursuant to the CRF.

The Parkers satisfied the claims resolution process requirements and the Court, on April 5, 1994, entered an order certifying the Parkers to recommence litigation against the Trust ("Certification Order"). On May 5, 1994, the Trust removed the state court action to the United States District Court for the District of Arizona, as a civil proceeding arising in or related to the Robins Chapter 11 bankruptcy. *See* 28 U.S.C. §§ 1334(b) & 1452(a). In so doing, the Trust allegedly followed the procedures for removal on bankruptcy grounds as set forth in Federal Rule of Bankruptcy Procedure 9027.[1]

On June 6, 1994, the Parkers moved to remand the action to state court. In supporting their motion, they argued that the section 8.04 injunction does not apply to the Trust and that the Trust, under Bankruptcy Rule 9027, was thus required to file a notice of removal for any actions to be removed on bankruptcy grounds within thirty days of the Court's July 25, 1988 Confirmation Order. On this basis, the Parkers alleged in their remand motion, and continue to maintain, that the Trust's May 5, 1994 removal was untimely. The Trust, in opposing the remand and abstention motion, asserted that "the injunction imposed by the Plan ...

tolled the time for filing a notice of removal" and that the Trust's notice of removal was timely because it was filed within thirty days of the entry of the Certification Order. Motion to Interpret, Exh. C at 11.

The parties essentially agree that the issue raised by the Parkers is a matter of Plan interpretation within the exclusive jurisdiction of this Court. On this basis, the Trust moved to stay the action in the Arizona court. The motion was granted on July 22, 1994 and the instant action followed.

## II.

The issue before the Court is whether or not the injunction imposed by the Plan and the Confirmation Order prohibits the Trust from removing actions to federal court until this Court enters an order certifying the claimant to proceed with litigation. For the reasons which follow, the Court answers this question in the affirmative.

Plan section 8.04 provides, in part, that the Confirmation Order will provide that (a) all Persons (i) who have held, hold or may hold Claims, including without limitation, Dalkon Shield Claims ... and (b) the Debtor, the Successor Corporation and any of their Affiliates, are permanently enjoined on and after the Confirmation Date (a) from commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Dalkon Shield–Related Claim against the Debtor, its shareholders, the Successor Corporation ... the Trusts or any other Person or the property of the Debtor.... *After properly electing trial by jury under Option 3 of the [CRF],* a Person shall, notwithstanding this section, be entitled to continue or commence a jury trial against the Claimants Trust for the purpose only of obtaining a judgment for compensatory

---

1. Bankruptcy Rule 9027 reads, in pertinent part:
   (a) Notice of Removal
         *    *    *    *    *    *
   (2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B)

30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief. Fed.R.Bankr.P. 9027(a)(2). The Trust argues, and Parker apparently agrees, that the applicable section for purposes of Dalkon Shield cases is Rule 9027(a)(2)(B).

damages against the Trust liquidating that person's Dalkon Shield Claim. . . .

Plan § 8.04 (emphasis added). Paragraph thirty-four of the Confirmation Order enacts this broad injunction.

While it is true, as the Parkers allege, that the injunction does not specifically enjoin the Trust,[2] a common sense reading of the Plan and the CRF leads to the unequivocal conclusion that prepetition suits are completely suspended until the claimant has fully proceeded through the claims resolution process and this Court has certified the claimant to recommence litigation. Indeed, the last quoted sentence of section 8.04 reflects this policy. According to this portion of the injunction provision, a prior Dalkon Shield suit may not be continued until a proper jury trial election. Under CRF section E.5 and paragraph two of Amended Administrative Order Number One, a July 1, 1991 Order which compliments the CRF, a trial election is not proper until all Option 3 procedures are satisfied *and* a claimant is certified to proceed with litigation.[3] Thus, only upon the completion of the claims resolution process, which by the language of section 8.04 includes a proper trial election, may a case enjoined by section 8.04 be recommenced. In the meantime, any action whatsoever touching upon the prepetition case is prohibited.[4]

CRF § E.5(b) further underscores the Plan's mandate that any and all activity in Dalkon Shield case be held in abeyance until this Court issues a Certification Order.[5] This section governs the litigation aspect of the Option 3 Claims Process, and reads, in part:

> (b) *Trial.* The right to a jury trial shall be preserved, but the defendant in all trials ... shall be the Trust and not the Debtor or Successor Corporation. The Court shall have the power to stay the commencement of any trial. . . . *Where a complaint was pending on August 21, 1985, the action shall resume, upon the claimant's completion of the Claims Resolution Process, from the point at which it*

2. The Trust interprets the language of section 8.04 as being specifically applicable to the Trust. This proposition rests largely upon the definitional sections of the Plan. While such an interpretation, though somewhat contorted, may be valid, the Court does not decide this issue because a sufficient basis for its conclusion exists in the general language of Plan section 8.04 and a common sense reading of the Plan and CRF.

3. CRF section E.5 reads, in part:

> If a settlement is not reached at the settlement conference level *and the claimant has completed the preceding procedures under Option 3*, the claimant shall elect either Binding Arbitration or a trial.

CRF § E.5 (emphasis added).

Paragraph two of the Amended Administrative Order Number One reads:

> No Claimant shall recommence ... Litigation until this Court has certified by entry of an order, upon the application of the Trust, that: (i) the claims review process respecting the applicable Dalkon Shield Personal Injury Claim has been completed in accordance with the [CRF], and (ii) as a matter of law, where a Claimant intends to proceed with such ... Litigation in a venue outside the United States, the venue is appropriate and the courts of such venue and jurisdiction will honor and enforce ... this Order and the Plan. Such certification may be revoked upon a subsequent showing that the procedures of the CRF were purposefully or materially circumvented, or that the certification was otherwise improvidently

granted, in which event the ... Litigation may be ordered dismissed or stayed by this Court. Amended Admin. Order No. 1 at ¶ 2 (July 1, 1991). This provision of the Administrative Order clearly provides the crucial last step in removing prepetition cases from the grasp of the Plan injunction.

4. In this respect, the § 8.04 injunction is designed to be the functional equivalent of the § 362 bankruptcy stay.

5. The Trust also relies on Claimants Trust Agreement ("CTR") section 4.07(b) for the proposition that it lacked the ability to remove any actions on August 25, 1988. Section 4.07(b) governed Trust operations between the entry of the Confirmation Order and the Consummation Date and, in this vein, limited Trust operations to four areas: preparation for payment distribution, payment of Option 1 claims, payment of liquidated claims as soon as practicable and paying administrative expenses. The Trust was explicitly forbidden from engaging in "any other activities." CTR § 4.07(b). Consequently, section 4.07(b), independently of, but in conjunction with, the section 8.04 injunction proscribed the Trust from removing pre-petition actions prior to the December 15, 1989 Consummation Date. The Court, however, declines to base its conclusion in the instant matter on the proscriptions of section 4.07(b). To begin, this section had no effect after the Consummation Date. More importantly, Plan section 8.04 and CRF section E.5(b) provide an ample basis for the Court's conclusion.

*was frozen, except that the Trust shall be substituted as a party defendant in place of the Debtor.*

CRF § E.5(b) (emphasis added).

The language of section E.5(b) plainly states that any prepetition actions were *frozen* upon the filing of the Chapter 11 case. Furthermore, the language clearly suggests that, despite the lifting of the section 362 bankruptcy stay at Plan confirmation, such actions remain frozen by means of the Plan injunction until all claims resolution procedures are completed. As indicated above, a claimant does not complete the claims resolution process until he or she is certified to proceed with litigation. Until that time, *any* litigation-oriented activity related to such cases is "frozen."

Finally, it is noteworthy that § E.5(b) indicates that the Trust is not a party defendant until a claimant elects to recommence litigation. If the Trust is not a party until the claimant elects to pursue litigation, the Trust, in effect, has no ability to remove actions to federal court. This portion of section E.5(b) further supports the Court's conclusion that prepetition actions are completely suspended until a certification order is entered.

The Court concludes that the instruments governing the Trust prohibit any action on a prepetition case, including removal to federal court, until the claimant has (1) completed all necessary claims resolution procedures, (2) elected to proceed with litigation and (3) been certified by the Court to proceed with litigation. At that time, the section 8.04 injunction is lifted and the litigants are free to take any action necessary to prosecute or defend the case. As the Trust cogently argues, any contrary holding would run afoul of the Trust's primary purpose of "providing an efficient economical mechanism for liquidating claims which favors settlement over arbitration and litigation, thereby reducing transaction costs." CRF § A. Indeed, a holding that the injunction does not cover the Trust would suggest that the Trust should have incurred expenses associated with removing cases under 28 U.S.C. § 1452 even before the claims resolution process on such claims began. This Court will not sanction the waste of Trust assets, especially in cases similar to the instant matter where the vast majority of claims are voluntarily resolved before *any* litigation-related expenses are incurred by the Trust. Any expenses so saved will inevitably accrue to the benefit of the class of claimants as a whole.

Accordingly, the Court will grant the Trust's motion to the extent that it will order that the section 8.04 injunction enjoins the Trust from removing prepetition cases to federal court until the Court certifies the claimant to proceed to litigation. The Court will not, however, order that removal of the instant matter was timely under Bankruptcy Rule 9027. The latter issue is within the jurisdiction of the court to which the action was removed.

An appropriate Order shall issue.

### ORDER

This matter is before the Court on the Dalkon Shield Claimants Trust's ("Trust") motion to interpret, in part, the Sixth Amended and Restated Plan of Reorganization of the A.H. Robins Company ("Plan") and the related documents under which the Robins Bankruptcy is being managed. Upon due consideration, for the reasons set forth in the accompanying memorandum this date filed and deeming it just and proper so to do, it is ADJUDGED and ORDERED that the Trust's motion be and the same is hereby GRANTED.