In re A.H. ROBINS COMPANY, INCORPORATED, Debtor, Employer's Tax Identification No. 54–0486348.

Maureen E.M.H. FARRELL, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

July 31, 1995.

Maureen E.M.H. Farrell, Lakeland, Florida, pro se.

Melody G. Foster, Richmond, Virginia (Anne M. Glenn, on the briefs), for Dalkon Shield Claimants Trust.

### *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on the motion of Maureen Farrell ("Movant"), who appears *pro se*, to "Release Obtain and Submit Evidence." For the reasons which follow, the motion will be denied.

### I.

Movant is a Dalkon Shield Claimant who has rejected her Option 3 offer of compensation, electing to proceed to the in-depth evaluation/settlement conference stage of the claims resolution process. On May 14, 1995, Movant wrote to the Trust, requesting to bypass the settlement conference and proceed directly to trial. To date, Movant's settlement conference has not been scheduled; nor has Movant been certified to proceed with litigation by this Court.

Movant initially filed the instant motion on January 11, 1995. The motion was renewed on May 22, 1995. In her motion, Movant seeks an Order directing Polk Community College to loan, copy for her at no expense or sell to her a biology video tape. Movant indicates that this tape will be used by her in preparing for litigation against the Trust. The Trust has responded to Movant's motion, asserting that the motion is premature and inappropriate.

### II.

According to the Claims Resolution Facility ("CRF"), a Claimant may not elect arbitration or litigation until her claim has been re-reviewed and she has been invited to a settlement conference. CRF § E.4. Only where settlement is not attained *and* all procedures under Option 3, including in-depth review and settlement conference, have been satisfied may a Claimant elect to proceed to litigation. CRF § E.5. Until these prerequisites are satisfied and this Court certifies a Claimant to proceed to litigation, all persons (including Claimants and the Trust) are enjoined from "commencing or continuing in any manner any action or other proceeding of any kind." Sixth Amended and Restated Plan of Reorganization of the A.H. Robins Company ("Plan") § 8.04; *see also* Amended Administrative Order No. 1 ¶ 2, Docket No. 11499 (E.D.Va. *nunc pro tunc* June 26, 1991), *aff'd,* 42 F.3d 870 (4th Cir.1994) (claims review process must be completed in accordance with CRF before certification order will issue). As this Court stated in *Dalkon Shield Claimants Trust v. Parker,* 174 B.R. 697, 699–700 (Bkrtcy.E.D.Va.1994), "[a]ny litigation-oriented activity" remains stayed pending satisfaction of all CRF requirements and certification by this Court.

Movant has indicated to the Trust a desire to proceed directly to litigation without a settlement conference. She also moves this Court for an Order directing a community college to produce a video tape for use in litigation. The record, however, demonstrates that the Trust has yet to invite her to a settlement conference or extend to her a final offer of compensation, both of which are required by the CRF prior to a Claimant electing litigation; thus, a valid litigation election is not yet possible. *See* CRF § E.5. Nor may this Court certify her to proceed with litigation. Consequently, any and all litigation-related activity, including discovery requests and the submission of motions such

as that filed by Movant, are prohibited by the Plan injunction. *See* Plan § 8.04.

### III.

Because Movant's discovery motion is barred by the Plan injunction, it will be denied. Movant is further instructed that this Court is generally not the appropriate forum to resolve discovery matters. Indeed, not until she has been certified to proceed with litigation and her lawsuit commences will the formal discovery process even begin. If Movant, at · that time, is hindered from obtaining evidence necessary to further her case, the proper avenue of recourse is to the court in which she files her suit. Only in exceptional situations will this Court consider discovery issues that arise during the course of ordinary Dalkon Shield litigation.